873 F.2d 1440
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Maurice SMITH, Plaintiff-Appellant,
v.
STATE OF MARYLAND; Bishop Robinson, Secretary Maryland
Public Safety and Correctional Services; Hilda Ford,
Secretary of the Maryland Department of Personnel; John
O'Neill, Acting Superintendent, Maryland State Police;
Frank Mazone, Lt. Colonel, Deputy Superintendent, Maryland
State Police; Samuel Gardner, Sergeant, Rockville Barracks
"N"; John O. Himmelman, Captain, Rockville Barracks "N";
Leaston V. Booker, Major, Field Operations, Maryland State
Police, Defendants-Appellees.
 No. 88-2189.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 31, 1989.
Decided: April 6, 1989.
Rehearing and Rehearing In Banc Denied May 18, 1989.
 
 Maurice Smith, appellant pro se.
 Millicent Edwards Gordon (Maryland State Police Headquarters), for appellees.
 Before ERVIN, Chief Judge, and DONALD RUSSELL and WIDENER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Maurice Smith sued the State of Maryland and six other named defendants on claims under 42 U.S.C. Secs. 1981, 1983, and 1985; and Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e et seq. He also brought a state claim for defamation. In an order pursuant to its oral opinion rendered at the conclusion of a hearing, the district court entered summary judgment in favor of defendants Bishop Robinson, Hilda Ford, and John O'Neill. The court also dismissed the Title VII claim against defendants Lt. Colonel Frank Mazone, Sgt. Samuel Gardner, Capt. John O. Himmelman, and Major Leaston V. Booker and dismissed the Sec. 1981 claim against the State of Maryland. After the close of Smith's case in the non-jury trial on the Title VII claim and jury trial on the Secs. 1981, 1983, 1985, and pendent state defamation claims, the court rendered an oral opinion in which it granted the Rule 41(b) motion to dismiss by the State of Maryland and the motion for a directed verdict filed on behalf of defendants Lt. Colonel Frank Mazone, Sgt. Samuel Gardner, Capt. John O. Himmelman, and Major Leaston V. Booker.
 
 
 2
 A transcript has not been prepared for either of the proceedings; however Smith, who is proceeding in forma pauperis, is entitled to preparation of a transcript at government expense upon a showing that his appeal presents a substantial question. See 28 U.S.C. Sec. 753(f). Smith argues on appeal that he has suffered both economic and professional injury as a result of the defendants' actions and that there was no testimonial evidence to support the district court's ruling on the defamation claim.
 
 
 3
 To avoid summary judgment, plaintiff must preserve a genuine issue of material fact regarding those essential elements of his claim on which he will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Regarding the claims which were dismissed by summary judgment, there is no genuine issue of material fact present. Smith's arguments on appeal are of little relevance to these claims and do not suggest the existence of a disputed factual issue or an error of law committed by the court.
 
 
 4
 Regarding the court's grant of the motion for directed verdict, the standard of review on appeal is whether "without weighing the evidence or considering the credibility of the witnesses, 'there can be but one conclusion as to the verdict that reasonable jurors could have reached.' " Gairola v. Virginia Dep't of Gen. Servs., 753 F.2d 1281, 1285 (4th Cir.1985), quoting Wheatley v. Gladden, 660 F.2d 1024, 1027 (4th Cir.1981). Review of the record and the appellant's brief does not reveal sufficient evidence relevant to Smith's remaining claims requiring submission of the issues to the jury. Nor do the materials before this Court give rise to the definite and firm conviction that a mistake was committed by the district court when it dismissed Smith's claims pursuant to Fed.R.Civ.P. 41(b). See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 123 (1969).
 
 
 5
 Accordingly, we affirm the judgment below. We deny Smith the preparation of a transcript at government expense because we do not find that this appeal presents a substantial question. See 28 U.S.C. Sec. 753(f). We dispense with oral argument as the record and the briefs filed in this Court indicate oral argument would not significantly aid the decisional process.
 
 
 6
 AFFIRMED.